MAC CORPORATION OF AMERICA and WDS, Inc. (successors in interest to Saturn Manufacturing, Inc.), Plaintiff,

v.

WILLIAMS PATENT CRUSHER & PULVERIZER CO., et al., Defendants.

No. 80–0124C(3).

United States District Court, E.D. Missouri, E.D.

Nov. 30, 1984.

James S. Leigh, Portland, Or., John C. Shepherd, Steven S. Sanders, St. Louis, Mo., for plaintiff.

Frederick M. Woodruff, Mark T. Keaney, St. Louis, Mo., for defendants.

## MEMORANDUM

HUNGATE, District Judge.

On November 16, 1981, this Court entered a final judgment for the plaintiff's predecessor, Saturn Manufacturing, Inc., and permanently enjoined defendants from infringing claims 8 or 10 of U.S. Patent No. 4,034,918 (hereafter "the '918 patent"). *Saturn Manufacturing, Inc. v. Williams Patent Crusher & Pulverizer Co.*, No. 80–0124C (E.D.Mo. Nov. 16, 1981), *aff'd*, 713 F.2d 1347 (8th Cir.1983).

Plaintiff, successor to Saturn Manufacturing, Inc., now moves for an order to show cause and for a contempt judgment, alleging that defendants' shredding machine, made in accordance with U.S. Patent No. 4,452,400 (hereafter "the '400 patent"), is in contempt of this Court's order. On July 19, 1984, before plaintiff filed the instant motion, defendants filed suit against plaintiff in the United States District Court for the Southern District of Texas, seeking a declaratory judgment that defendants' new design, the '400 patent, does not infringe on plaintiff's '918 patent.

■ It is well established that a contempt proceeding is the appropriate action for deciding patent disputes only where

there are merely slight or colorable differences between the enjoined device and the new device. *American Foundry & Mfg. Co. v. Josam Mfg. Co.*, 79 F.2d 116 (8th Cir.1935). If the difference between the two devices or machines is more than colorable, the infringement should not amount to a contempt nor should it be tested in a contempt proceeding. *Id.* at 117; *Siebring v. Hansen*, 346 F.2d 474, 477 (8th Cir.1965); *Sure Plus Mfg. Co. v. Kobrin*, 719 F.2d 1114, 1118 (11th Cir.1983).

█ A colorable difference is defined as one in which there is a "fair ground of doubt" as to the infringement by defendant's device. *American Foundry, supra,* 79 F.2d at 118. *"Where infringement by the new device is not clear on the face of the matter, and there are substantial issues for the determination of the court,* the plaintiff may not have them determined in contempt proceedings." *Id.* at 118 (emphasis by the appellate court).

█ This Court has carefully considered the pleadings and memoranda filed by the parties detailing the differences between the shredding machines made pursuant to patents '918 and '400. The Court finds that there exists a fair ground of doubt as to whether defendants' machine infringes upon plaintiff's patent '918. Therefore, the difference between the two machines is more than colorable, and the appropriate proceeding is the previously filed declaratory judgment action rather than a contempt proceeding in this Court.

Accordingly, plaintiff's motion will be denied without prejudice and may be refiled, if deemed necessary, upon the conclusion of proceedings in *Williams Patent Crusher & Pulverizer Co., Inc. v. WDS, Inc.*, No. H–84–3041 (S.D.Tex., filed July 19, 1984).